PHOTO MEDIC EQUIPMENT, INC., Doing Business as PRECISE OPTICS, Appellant, v VIJAY ALREJA, Respondent.—Order unanimously modified on the law and as modified affirmed with costs to defendant, in accordance with the following memorandum: Plaintiff's appeal is from that portion of a pretrial discovery order directing it to produce the income tax returns of its profit-sharing plan, a list of employee partici-

pants and nonparticipants in the plan, and the names and addresses of those persons authorized to sign checks, all for the years 1983 through 1987. Plaintiff, in moving to vacate certain discovery demands, did not seek relief from demands that it produce income tax returns for its profit-sharing plan and conceded that those returns were relevant and necessary to the preparation of defendant's case. Under the circumstances, plaintiff is precluded from taking a contrary position on appeal. There is no merit to plaintiff's contention that the names and addresses of participants and nonparticipants in the plan are irrelevant and that production of that information would be no more than an annoyance.

We conclude, however, that defendant has failed to establish any relevance to, or need for, the names of those persons authorized to sign checks. Plaintiff seeks to recover the sums of money paid to defendant on expense vouchers defendant submitted for alleged unreimbursable expenses. Plaintiff has agreed to produce the names of its employees authorized to approve reimbursements. The issues in this case relate to the propriety of the expense reimbursement claims; no issue has been raised concerning the checks themselves. Accordingly, we modify the order to delete the direction concerning persons authorized to sign checks. (Appeal from order of Supreme Court, Suffolk County, Underwood, Jr., J.—discovery.) Present —Denman, J. P., Green, Pine, Balio and Lowery, JJ.